# IN THE COURT OF APPEALS OF IOWA

No. 23-0581
Filed June 21, 2023

**IN THE INTEREST OF S.J. and R.J.,**
**Minor Children,**

**K.J., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Daniel Block, Associate Juvenile Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Joseph G. Martin, Cedar Falls, for appellant mother.

Brenna Bird, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Tammy L. Banning of the Office of State Public Defender, Waterloo, attorney and guardian ad litem for minor children.

Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**SCHUMACHER, Presiding Judge.**

A mother appeals the termination of her parental rights. She claims termination is not in the children's best interests. She also contends the juvenile court should have granted a six-month extension for reunification efforts. We conclude that termination is in the children's best interests and a six-month extension is not warranted. We affirm.

## I.      Background Facts & Proceedings

The mother, father, S.J., age seven at the time of the termination hearing, and R.J., age five at the time of the termination hearing, came to the attention of the Iowa Department of Health and Human Services (HHS) in November 2021, after the parents' youngest child, B.J., age three months, was admitted to University of Iowa Hospitals with severe injuries. Testing revealed significant intracranial hemorrhage, cerebral edema, impending uncal herniation, multiple intracranial hemorrhages, and subarachnoid and subdural hematomas. B.J. also had retinal hemorrhages. Medical staff opined the injuries were consistent with "nonaccidental trauma." Both parents denied any knowledge as to how the child was injured. R.J. and S.J. were removed from parental custody on November 8 and placed in foster care.

On November 30, the mother provided a detailed confession to law enforcement that she had shaken B.J., using a doll to demonstrate what she had done to the baby. Hours later, the father died of an apparent suicide. The mother subsequently recanted and indicated it was the father who had shaken the baby. The baby, B.J., passed away on December 21. R.J. and S.J. were adjudicated in

need of assistance on December 22. At the time of the termination hearing, no criminal charges had been filed in connection with B.J.'s injuries or death.

HHS concerns involving the mother included physical abuse of the children, substance abuse, and the mother's mental health. The mother obtained a substance-abuse evaluation in December 2021. The evaluation diagnosed her with cannabis use disorder and she began outpatient treatment. However, the mother was unsuccessfully discharged from the program for non-attendance. The mother obtained an updated evaluation a week before the termination hearing, but had not yet begun treatment. She was arrested in September 2022 for operating while intoxicated. Officers smelled marijuana in the car. There was also evidence the mother had been snorting her prescription medication. Twenty-eight drug tests were offered over the course of the case. The mother tested positive in eight tests, negative in three, and failed to appear for seventeen tests. The last time the mother tested positive for illegal substances was in October 2022.

Despite a self-reported history of mental illness, the mother has never obtained a mental-health evaluation. She has not engaged in therapy. She appears consistent in attending medication management appointments but, as noted, there are concerns over the mother's abuse of her prescription medication. The family support specialist testified that most of the time when he sees the mother, she presents as emotionally unstable.

The mother has also exhibited instability in housing and employment. She spent much of the fall of 2022 living in her car. She and her mother, the children's grandmother, now share an apartment. The mother failed to consistently attend parenting-skills classes, refusing to attend any class from May 2022 until

December. The mother has also failed to participate in a majority of offered visits. This was due, in part, to the children living in Wisconsin with their maternal grandfather. Visits were conducted virtually after the children's therapist recommended against in-person visitation.

The children spent the majority of the case living with their maternal grandfather and his wife, the children's step-grandmother. However, these grandparents indicated shortly before the termination hearing that they would prefer to function as grandparents rather than adopting the children. As a result, at the time of the termination hearing, plans were being established to move the children to a pre-adoptive foster home. The HHS caseworker testified that the children do not share a bond with their mother.

The termination hearing was held February 6, 2023. The State, HHS, the children's guardian-ad-litem (GAL), and the children's Court Appointed Special Advocate supported termination of the mother's parental rights. The court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(e) and (f) (2022). The mother appeals.

## II. Standard of Review

We review the termination of parental rights de novo. *In re A.B.*, 956 N.W.2d 162, 168 (Iowa 2021) (quoting *In re J.H.*, 952 N.W.2d 157, 166 (Iowa 2020)). Our primary consideration is the children's best interests. Iowa R. App. P. 6.904(3)(o).

**III.    Discussion**

The mother claims termination is not in the children's best interests.  She also asserts the juvenile court should have granted a six-month extension for reunification efforts.[1]

**A.    Best Interests of the Children**

The mother claims the juvenile court wrongly found termination is in the children's best interests.  When examining this issue, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."  Iowa Code § 232.116(2).

We agree with the juvenile court that termination is in the children's best interests.  The mother has not addressed the concerns that existed at the beginning of the case—her parenting skills, mental health, and substance abuse.  She lacks an understanding of why these issues are harmful to the children—she frequently asserted to providers that she had never done anything wrong throughout the case.  She has not offered any plausible explanation as to how B.J.

---

[1] The mother's brief contains one issue heading, which reads: "Did the court err in determining that termination of parental right was in the child's best interest in lieu of returning custody or deferring permanency?"  This single issue does not appear to challenge the juvenile court's findings as to a statutory ground for termination.  As such, we determine the issue is waived.  *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  But even if we were to reach the merits, we would affirm as to section 232.116(1)(f).   Both children are older than four years old and have been adjudicated in need of assistance.  Iowa Code § 232.116(1)(f)(1–2).  The children have been removed from the mother's custody since November 2021.  *Id.* § 232.116(1)(f)(3).  And, as described more fully below, the mother's failure to address issues related to her substance abuse, mental health, and parenting skills supports a determination that she could not safely resume custody of the children at the time of the termination hearing.  *Id.* § 232.116(1)(f)(4).

suffered fatal injuries while in her and the child's father's custody. The children have done well while placed out of the mother's custody and need permanency.

## B. Six-Month Extension

The mother also requests a six-month extension. A court may grant a six-month extension when it can "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b).

We are not persuaded that the need for removal will no longer exist following an additional six months. The mother obtained an updated substance-abuse evaluation the week prior to the hearing. But, given her past performance, she has shown no signs that she will address all the issues that led to the children's removal. She has never obtained a mental-health evaluation or engaged in treatment. As recently as November, the mother informed providers that she believes she is the victim in this case; the mother lacks an understanding of the harms the children face. And the HHS caseworker testified that the children will need longer than six months to begin to heal from the mother's actions. We decline to grant a six-month extension.

**AFFIRMED.**